*In re* FRENCH & HOLMES, *Bankrupts.* THE TIMKEN ROLLER BEARING AXLE COMPANY, *a corporation,* v. TELL W. WALTON, *as Trustee of the Estate of French & Holmes, Bankrupts.*

(Filed January 13, 1904.)

1. **APPEAL—Evidence.** Where the record in this court in a case on appeal does not show that it contains all the evidence presented at the hearing below, it presents no error that can be reviewed by this court arising upon a question of evidence.

2. **SAME.** Evidence taken at the hearing of a cause before a referee in bankruptcy, in order to be made a part of the record on appeal, must be included in the record certified to the district court, and the certificate of the referee must be such as to show to the court on appeal that it is the evidence so taken before him.

3. **SAME.** Where the certificate of the referee in. a cause in bankruptcy, certified to the district court, is silent as regards any evidence taken before him, and in fact the record does not include any evidence, and where a subsequent certificate attached to certain evidence shows that the evidence sought to be made a part of the record was not certified to the district court until six days after the district court had affirmed the findings and judgment of the referee, such evidence is not properly in the record of the cause on appeal from the district court to this court. The record, therefore, presents no question for review arising on the evidence.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James 'K. Beauchamp, Trial Judge.*

*A. M. McCarty, J. W. Bird* and *W. H. C. Taylor,* for plaintiffs in error.

*Mackey & Simons* and *E. S. Ellis,* for defendant in error.

Opinion of the court by

PANCOAST, J.:   This was a proceeding in bankruptcy On July 21, 1902, a petition in bankruptcy was filed against French & Holmes, who were doing a mercantile business at Pond Creek, Oklahoma.   Thereafter French & Holmes were duly adjudged bankrupts, and the case was referred to the Hon. C. H. Parker, referee in bankruptcy.   On August 21, 1902, the appellant, the Timken Roller Bearing Axle Company, filed its proof of claim with the referee, consisting of two notes amounting to $743.54, which had been given by French & Holmes to the Timken Carriage Company and which, by the proof, were shown to have been sold and assigned to the appellant.   Tell W. Walton was appointed trustee of the estate and, on October 3, 1902, filed with the referee his objection to the claim of the appellant.   The issues being formed, a trial was had, and after hearing the evidence, the

referee found that the Timken Carriage Company, to whom the notes were originally given, had received certain preferences by way of payments made by the bankrupts, and that the notes, having been transferred by assignment only, were subject to any equities that might be set up against them. That W. R. Timken, who was treasurer of the Timken Carriage Company, was also vice president of the Timken Roller Bearing Axle Company, and through him as such officer, the appellant received notice of the outstanding equities against these notes in the nature of preferential payments.

We are met at the outset with a motion to expunge from the record certain evidence contained therein, appearing on pages seventeen to twenty-one inclusive, because such evidence is not properly a part of the record in this case. It seems from an examination of the record that certain evidence was taken before the referee in bankruptcy, but that this evidence was not made a part of the certified record of the referee to the district court, and was not before the court, and not considered when the case was before the court for determination. This is made very clear from an examination of the certificate of the referee in bankruptcy, which follows directly after the evidence contained in the record, and shows that the certificate was not made until the 13th day of March, 1903, while the certificate of the referee, certifying the cause to the district court, is dated February 9, 1903, and the journal entry of the court affirming the action of the referee is dated the 7th day of March, 1903, six days prior to the date of the certificate certifying the evidence contained in the record.

It is quite clear therefore, that the evidence in this case is not properly in the record and was no part of the record

when the case was heard by the court; and, not being a part of the record then, it cannot now be considered by this court on appeal. Upon this record then we must take the findings of fact as a verity, for no presumption can be considered against them. Upon the other hand, every presumption is in favor of their correctness.

This practically disposes of this case, as all the propositions argued and contended for in the appellant's brief require an examination of the evidence taken before the referee to properly decide them; but, even though the evidence could be considered as a part of the record in this case, still this court cannot tell whether it is all the evidence that was taken at the trial or not, as the record nowhere shows it to have been all of the evidence introduced.

Some argument is indulged in to the effect that certain rules of equity practice, with regard to making records on appeal, should control in bankruptcy proceedings, but whatever rule applies, whether it is of equity or of statute, the record must in some form show that it includes the entire evidence, or at least the entire evidence on a given proposition, which the court is asked to consider. If this is not shown in some form, this court will not presume that the entire evidence is included in the record, and will not reverse a case because a finding of fact is not, seemingly, supported by the evidence.

The referee found that the notes in controversy were two of a series of five given by the bankrupts to the Timken Carriage Company, and assigned to the Timken Roller Bearing Axle Company. That within four months from the time of the adjudication in bankruptcy, payments were made by the

bankrupts to the Timken Carriage Company, which were held to be a preference. This court must presume that sufficient evidence was introduced to warrant this finding, and also the further finding that at the time the payments were made, the bankrupts were insolvent.

It may be conceded that the rule laid down in the case of *In re Wyley,* Am. B. R. 604, is correct. That is, that "the rights of a purchaser or holder of a negotiable instrument, who has taken it for a valuable consideration, in the ordinary course of business before due and without notice, are not affected by the equities existing between the antecedent parties, nor are they altered by the terms of the bankruptcy act." And the rule is equally well settled that a negotiable note transferred by delivery or assignment merely is, notwithstanding such transfer, subject to any existing equities between the antecedent parties. The first rule laid down is in cases where the transfer is made without notice by endorsement in the usual course of business, while the second is in cases where the transfer is made by mere assignment or delivery, and, in such a case, the same rule applies as in the transfer of an open account; that is, that it is transferred subject to any existing equities between the parties, and the purchaser must be prepared to meet all defenses against the account that could be urged against it in the hands of the original holder. It may be said that the endorsements on the back of these notes, as shown by the record, are sufficient to show that they were endorsed in the ordinary course of business, and, while this is some evidence of that fact, yet one cannot say that it is all of the evidence, and the proof of claim filed show the notes to have been assigned, and nowhere alleges

they were endorsed or transferred before maturity in the ordinary course of business. All errors complained of are those arising on questions of evidence, and the record not containing all the evidence it presents no question for review arising on the evidence.

The judgment of the court below must therefore be affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.